UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AYONO PANKEY, JR., | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

S. WESLEY COMPTON P75103
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
wcompton@padillalegal.com

## COMPLAINT

NOW COMES Plaintiff, Ayono Pankey, Jr., by and through his attorneys, Padilla Law Group, and for his Complaint against the above named Defendant, United States of America, states as follows:

## INTRODUCTION

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff restates each and every allegation above as if set forth fully herein.

4. Plaintiff, Ayono Pankey, Jr., is and has at all times pertinent hereto, been a resident of the Detroit, County of Wayne, State of Michigan.

5. Defendant, United States of America, through its agency, the Detroit Division of the U.S. Drug Enforcement Administration, operates within the southeast regions of the State of Michigan, including, but not limited to Wayne County.

6. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

7. The incident or occurrence alleged herein did occur in the City of Detroit, County of Wayne, State of Michigan.

8. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

9. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part

of the acts and omissions forming the basis of these claims occurred in the City of Detroit, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

10. Plaintiff restates each and every allegation above as if set forth fully herein.

11. That on or about October 6, 2023, at approximately 10:30 a.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of Southfield Road and McNichols Road, in the City of Detroit, Wayne County, Michigan. Plaintiff was traveling southbound on Southfield Road when he was struck by Assistant Special Agent Sameer Poules' vehicle, which was traveling westbound W. McNichols Road near the intersection of Southfield Road, when Assistant Special Agent Samer Poules' disregarded a traffic signal, did operate his vehicle in excess of the posted speed limit, and failed to stop his vehicle in assured clear distance.

12. The motor vehicle accident was caused by the negligence of Assistant Special Agent Sameer Poules while driving a motor vehicle owned by Defendant, United States of America, bearing license plate number EQF 4238, within the scope of his employment with Defendant.

13. Assistant Special Agent Sameer Poules failed to operate his vehicle in a careful and prudent manner, failed to stop at a traffic signal and failed to stop his vehicle in assured clear distance, and was operating the vehicle in excess of the posted speed limit and with willful and wanton disregard for the safety

of other motorists, specifically Plaintiff, who was lawfully traveling on southbound on Southfield Road.

14. Assistant Special Agent Sameer Poules' failure to operate his vehicle with due care and caution, failure to stop at a traffic signal, failure to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within assured clear distance, and failure to yield to Plaintiff's vehicle while traveling westbound on McNichols Road near the intersection of Southfield Road, resulted in a collision, causing Plaintiff to suffer severe injuries.

## COUNT I
## CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS UNDER MCL SECTION 500.3135(1)

15. Plaintiff repeats each and every allegation above as if set forth fully herein.

16. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, Ayono Pankey, Jr., was the operator of a 2015 Jeep Wrangler motor vehicle bearing Michigan license plate number DRS8471.

17. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Assistant Special Agent Sameer Poules, while acting within the scope of his office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator

of a 2023 Nissan Murano motor vehicle bearing Michigan License Plate Number EQF4238.

18. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the 2023 Nissan Murano motor vehicle bearing license plate number EQF4238, being operated by Assistant Special Agent Sameer Poules.

19. Assistant Special Agent Sameer Poules owed to Plaintiff, Ayono Pankey, Jr., certain duties which Assistant Special Agent Sameer Poules, violated, and that the violation of these duties and obligation considered of the following acts of negligence and breaches of duties owing to Plaintiff:

(a) Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen.

(b) Violation of the operator's duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(c) Violation of the duty to operate a motor vehicle so that collision with other vehicles would not ensue, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(d) Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of highway, general conditions then existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same

to happen.

(e) Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

(f) Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(g) Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(h) Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the highway, weather condition, and of other conditions then existing, and Defendant owner allowing the same to happen.

(i) Failing to observe the highway in front of the vehicle when Assistant Special Agent Sameer Poules knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

(j) Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(1), and Defendant owner allowing the same to happen.

(k) Failing to yield to oncoming vehicles while making a left turn in violation of MCL 257.650, and Defendant owner allowing the same to happen.

(l) Failing to yield to Plaintiff's vehicle in violation of MCL 257.649, and Defendant owner allowing the same to happen.

(m) Failing to obey a stop sign in violation of MCL 257.671, MCL 257.649, and Defendant owner allowing the same to happen.

(n) Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

20. Plaintiff further states and alleges that at the time and place herein before set forth, Assistant Special Agent Sameer Poules did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Assistant Special Agent Sameer Poules, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

21. That the negligence and neglect of Assistant Special Agent Sameer Poules consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

22. That as a direct and proximate result of the breach of Assistant Special Agent Sameer Poules' duties, Plaintiff's vehicle was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

23. That as a consequence of the collision herein set forth, Plaintiff sustained

injuries to his neck, shoulder, and back including herniated discs in lower back among others, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

24. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

25. That as a result of the injuries sustained by Plaintiff, he has suffered and will continue to suffer the following:

(a) Pain and suffering, past, present and future.
(b) Mental anguish.
(c) Embarrassment and shock.
(d) Loss of normal, social and recreational activities.
(e) Permanent injury and incapacity of disability.
(f) Loss of wage earning capacity and future wages.
(g) Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff, Ayono Pankey, Jr., requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

26. Plaintiff repeats each and every allegation above as if set forth fully herein.

27. At all relevant times, Assistant Special Agent Sameer Poules was employed by and/or acting on behalf of Defendant, United States of America.

28. At all relevant times, Assistant Special Agent Sameer Poules was acting within his respective capacity and scope of employment with Defendant, United States of America.

29. Assistant Special Agent Sameer Poules negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

30. As a direct and proximate result of Assistant Special Agent Sameer Poules' negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

31. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

32. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, Ayono Pankey, Jr., requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

Respectfully Submitted,
PADILLA LAW GROUP

/s/ S. Wesley Compton
S. WESLEY COMPTON P75103
Attorney for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300

Dated: October 2, 2026

UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AYONO PANKEY, JR., | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

S. WESLEY COMPTON P75103
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
wcompton@padillalegal.com

## JURY DEMAND

Plaintiff demands a Trial by jury in this matter.

Respectfully Submitted,
PADILLA LAW GROUP

/s/ S. Wesley Compton
S. WESLEY COMPTON P75103
Attorney for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300

Dated: October 2, 2026